RECEIVED
IN LAKE CHARLES, LA.
JUL 10 2012
TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MELINDA PHILLIPS** | : | **DOCKET NO. 2:11 CV 1371** |
| **VS.** | : | **JUDGE MINALDI** |
| **CIRCLE K STORES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment, filed by the defendant, Circle K Stores, Inc ("Circle K") [Doc. 20]. The motion is unopposed.[1] For the reasons stated herein, the motion will be granted.

## FACTS

The plaintiff, Melinda Phillips, alleges that she slipped and fell on a puddle of water while she was shopping in a Circle K Store located in Sulphur, Louisiana, injuring her back and neck.[2] She alleges that Circle K caused her injuries by "fail[ing] to keep aisles and passageways free of hazards" and "fail[ing] to warn of hazardous conditions."[3]

Circle K now moves for summary judgment. It argues that video evidence reveals that Ms. Phillips passed through the area in which she slipped four times before she fell, giving her

---

[1] The plaintiff, Melinda Phillips, filed a Motion to Continue the Deadline to file a Response [Doc. 26], which the court granted on May 3, 2012 [Doc. 27]. The court's Order extended Ms. Phillips' Response deadline to May 23, 2012. As of the date of this Memorandum Ruling, no Response has been filed.

[2] Notice of Removal Ex. A, State Court Petition for Damages ¶¶ 2 & 3 [Doc. 1-4].

[3] *Id.* ¶ 3.

1

ample opportunity to observe any potential hazards.[4] Furthermore, Circle K asserts that the video shows that despite Ms. Phillips' claim that she slipped on water, she actually tripped over a red crate, an obstacle which was open and obvious to all in the store.[5] Accordingly, Circle K argues that Ms. Phillips cannot establish that that Circle breached any duty to warn Ms. Phillips of the condition that caused her injuries and requests summary judgment dismissing Ms. Phillips' complaint in its entirety.[6]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

---

[4] Def.'s Mem. in Supp. of Mot. for Summ. J. 1 [Doc. 20-2].

[5] *Id.*

[6] *Id.* at 3-8.

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex,* 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party." *Id.*

## ANALYSIS

La. Rev. Stat. § 9:2800 imposes a duty on merchants to exercise reasonable care in keeping floors, aisles and passageways in "reasonably safe condition." That duty encompasses a "reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. § 2800.6(A).

A claimant in a slip and fall action bears the burden of proving, in addition to all other elements of a negligence claim, that (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable, (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, (3) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B).

Ms. Phillips has failed to establish a genuine issue of material fact as to whether the condition that caused her to trip was unreasonably dangerous. A potentially dangerous condition ordinarily does not present an unreasonable risk of harm where the condition is open and obvious to all. *Pitre v. La. Tech. Univ.*, 95–1466, p. 11 (La.5/10/96); 673 So.2d 585, 591; *Taylor v. Wal–Mart Stores, Inc.*, 2006 WL 1476031 at *2 (W.D. La. May 23, 2006). Video evidence establishes that Ms. Phillips tripped over a red crate located on the floor of the aisle in which she was

shopping, rather than on water.[7] The crate would have been clearly visible to anyone in the aisle, and Ms. Phillips walked past it several times before she tripped, giving her multiple opportunities to observe it. Therefore, the court concludes that Ms. Phillips has failed to establish that either the crate or a puddle of water presented an unreasonable risk of harm that caused her injury. *See Hays v. Wal-Mart Louisiana, LLC*, No. 09-1003, 2010 WL 4386828 (W.D. La. Oct. 28, 2010) (holding that a plaintiff who tripped over a box in the aisle of a store could not establish that the box presented an unreasonable risk of harm because its location was open and obvious to all ). Accordingly, Circle K's Motion for Summary Judgment will be granted.

Lake Charles, Louisiana, this  9  day of  July  2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[7] *See* Manual Attachment to Def.'s Mot. for Summ. J. [Doc. 23].